UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELE ANN CAGLE, a married woman, <br><br> Plaintiff, <br><br> v. <br><br> ABACUS MORTGAGE, INC.; BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2006-AR8; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and JOHN DOES NOS. 1-25, <br><br> Defendants. | Case No. 2:13-cv-02157-RSM <br><br> **ORDER GRANTING MOTION TO DISMISS** |

This matter comes before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint. Dkt. # 6. Defendants move to dismiss Plaintiff's Complaint in its entirety for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having reviewed the parties' briefs and supporting declarations as well as the remainder of the record, and for the reasons set forth below, the Court grants Defendants' Motion and dismisses Plaintiff's complaint with prejudice.

**Background**

ORDER GRANTING MOTION TO DISMISS - 1

Plaintiff Michele Ann Cagle brings the instant suit against her lender, loan server, investor, and original trust deed beneficiary of record (collectively, "Defendants") for various state law violations pertaining to her housing loan. On September 7, 2006, Plaintiff borrowed $296,000 from Abacus Mortgage, Inc. ("Abacus") as a refinance loan on her home located at 4203 192nd Place S.W., Lynwood, Washington 98036 (the "Property"). The loan was secured by a Deed of Trust ("DOT") and evidenced by a promissory note (the "Note"), which permits transfer from the original Lender to a subsequent Note Holder entitled to receive payments under the Note. Dkt. # 4, Ex. 1, ¶ 1. The DOT identifies Abacus as the Lender, Pacific Northwest Title as the Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and nominee for Abacus and its successors and assigns. *Id.* at Ex. 1, p. 19.

The Deed of Trust provides that the Note or a partial interest therein "can be sold one or more times without prior notice to Borrower." Dkt. # 4, Ex. 1, p. 30, ¶ 20. An Assignment of Deed of Trust (the "Assignment") was recorded on March 22, 2013, which reflected that MERS had assigned its beneficial interest in the DOT to the Bank of New York Mellon ("BNYM") as Trustee for The Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certificates, Series 2006-AR8 (the "Trust"). Dkt. # 7, Ex. B. The Assignment was signed by Rene Rosales on behalf of MERS and notarized by a notary public in Los Angeles County, California. *Id.* A further assignment was recorded on November 26, 2013, through which Bank of America N.A. assigned its beneficial interest in the DOT to Nationstar Mortgage, LLC. Dkt. # 11, Ex. A, Ex. 1. Although Plaintiff has defaulted on her loan repayment obligations, no foreclosure sale on her Property has been initiated.

Plaintiff filed the instant Complaint on October 29, 2013 in Snohomish County Superior Court, and Defendants removed the Complaint to this Court on December 2, 2013. *See* Dkt. # 1, Ex. B (Compl.). Plaintiff primarily alleges that MERS was an improper

ORDER GRANTING MOTION TO DISMISS - 2

beneficiary, that it caused loan documents to be fraudulently "robo-signed," and that MERS' attempted assignment of the DOT was ineffective. Compl., ¶¶ 3.5, 3.7. Plaintiff further alleges that Defendants failed to properly and timely transfer the Note and DOT into the Trust, and that the Note and DOT have therefore been split and are no longer enforceable. On the basis of these allegations, Plaintiff brings five causes of action for fraud, breach of Washington's Consumer Protection Act, RCW 19.86.090 ("CPA"), negligence, declaratory judgment, and injunctive relief, all of which Defendants now move to dismiss with prejudice.

## Analysis

### Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where the plaintiff fails to "nudge[] [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Twombly*, 550 U.S. at 570.  A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend…unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend need

ORDER GRANTING MOTION TO DISMISS - 3

not be granted, and dismissal may be ordered with prejudice, if amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

**Fraud**

Plaintiff's First Cause of Action states a claim for fraud based on Defendants' alleged misrepresentation of MERS as a beneficiary under the DOT. Plaintiff alleges that this misrepresentation constitutes "constructive fraud" under Washington's Consumer Loan Act, RCW 31.04.027(1)-(3). Defendants move to dismiss Plaintiff's First Cause of Action as time-barred and inadequately pled.

In order to state a claim for fraud, Plaintiff must establish each of the following elements: "(1) [a] representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it, [and] (9) his consequent damage." *Kirkham v. Smith*, 106 Wash. App. 177, 183, 23 P.3d 10 (2001); *see also Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 194 (1996). Common law fraud thereby "requires proof of a knowing and intentional misrepresentation." *Id.* The plaintiff must plead with particularity "both the elements and the circumstances of fraudulent conduct." *Haberman v. Washington Pub. Power Supply Sys.*, 109 Wash.2d 107, 165, 744 P.2d 1032 (1987); *see also* Fed. R. Civ. P. 9(b).

Defendants contend that Plaintiff's First Cause of Action must be dismissed because Plaintiff fails to plead particular facts to support each element of her fraud claim. In particular, Defendants contend that Plaintiff cannot demonstrate that Defendants made any false statement by identifying MERS in a nominee capacity under the DOT. Further, Defendants assert that the sole case on which Plaintiff relies, *Bain v. Metro Mortgage Group, Inc.*, 175 Wash.2d 83, 285 P.3d 34 (Wash. 2012), arose after the loan was executed, and the statement thereby could not have been false when made. Defendants also contend that

ORDER GRANTING MOTION TO DISMISS - 4

1  Plaintiff is unable to demonstrate any actionable injury.

2  Plaintiff relies as the basis for all of her claims on the Washington Supreme Court's
3  decision in *Bain*, wherein the Court held that only the actual holder of the promissory note
4  may be a beneficiary with the power to appoint a trustee to carry out a non-judicial
5  foreclosure. *Bain*, 175 Wash. 2d at 89. As a consequence, the Court determined that "MERS
6  is an ineligible beneficiary within the terms of the Washington Deed of Trust Act, if it never
7  held the promissory note or other debt instrument secured by the deed of trust." *Id.* 110. This
8  conclusion led the *Bain* Court to reach its further holding that, under these conditions, "the
9  fact that MERS claims to be a beneficiary…presumptively meets the deception element of a
10 CPA action." *Id.* at 120. At the same time, the Court expressly held that the "mere fact that
11 MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury." *Id.*

12 Accordingly, Plaintiff cannot show that, even if Defendants misrepresented MERS as
13 an eligible beneficiary with the authority to appoint a successor trustee, Plaintiff sustained
14 any actionable injury as a consequence. Rather, her duty to repay the loan remains unchanged
15 irrespective of MERS' role. Aside from injury accruing from the alleged misrepresentation
16 itself, the only other damages that Plaintiff claims are those incurred in preparing litigation
17 and attempting to modify her loan. Even if these damages were actionable, Plaintiff has not
18 and cannot show that the purported fraudulent Assignment was their proximate cause. *See*
19 *Wilson v. Bank of America, N.A.*, 2013 WL 275018 (W.D. Wash. 2013) (dismissing fraud
20 claim with prejudice where plaintiffs did not allege that they would have taken an alternate
21 course but for a purportedly fraudulent assignment) (citing *Turner v. Enders*, 15 Wash. App.
22 875, 552 P.2d 694, 697 (Wash. Ct. App. 1976)).

23 Although Plaintiff fails to plead additional requisite elements of her fraud claim, such
24 as detrimental reliance, the absence of an actionable injury leads the Court to conclude that
25 the defects in her claim cannot be repaired by amendment. Accordingly, Plaintiff's first

26

ORDER GRANTING MOTION TO DISMISS - 5

Cause of Action for fraud is dismissed with prejudice.[1]

**Consumer Protection Act**

Plaintiff's Second Cause of Action for violations of the CPA largely parallels her fraud claim. Plaintiff contends that Defendants engaged in unfair business practice by misrepresenting MERS as a beneficiary in her DOT, improperly assigning its interest in the DOT after the closing date of the Trust, and using documents signed by a suspected MERS robo-signer. *See* Compl., ¶¶ 3.9, 5.2, 5.3. Plaintiff further asserts that Defendants' failure to properly transfer the Note and DOT into the Trust have caused them to become separated, rendering them unenforceable. Defendants move to dismiss Plaintiff's Second Cause of Action on the grounds that its allegations regarding MERS fail to support an unfair or deceptive practice causing actionable injury to Plaintiff. The Court agrees.

In order to state a claim for a violation of the CPA, a plaintiff must establish the following elements: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) injury to the plaintiff's business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn. 2d 778, 785, 719 P.2d 531 (1986). A failure to meet any one of these prongs is fatal to the plaintiff's CPA claim. *Id.*; *Besel v. Viking Ins. Co.*, 105 Wash.App. 463, 483, 21 P.3d 293 (2001).

For the same reasons as her fraud claim, Plaintiff's CPA claim fails with respect to the alleged misrepresentation of MERS as an eligible beneficiary and its subsequent assignment of its interests. Plaintiff has not shown that she has incurred any actionable injury arising from MERS' participation in her Loan. *Bain* makes clear that the mere listing of MERS as a beneficiary is not an actionable injury under the CPA, and Plaintiff has failed to allege any prejudice resulting from MERS' role. Courts have been uniform in dismissing

---

[1] As the Court concludes that Plaintiff's fraud claim is inadequately pled, it does not reach Defendants' further argument that it should be dismissed as time-barred under Washington's three-year statute of limitations for fraud, RCW 4.16.080(4).

ORDER GRANTING MOTION TO DISMISS - 6

complaints that rest on bare allegations that MERS' participation tainted subsequent assignments and foreclosure actions. *See Kullman v. Northwest Trustee Services, Inc.*, 2012 WL 5922166, *2 (W. D. Wash. 2012) ("Plaintiffs have failed to allege any prejudice arising from MERS' role in the foreclosure."); *Peterson v. CitiBank, N.A.*, 2012 WL 4055809, at *4 (Wash. Ct. App. 2012) (finding that plaintiffs had sustained no actionable injury because, "regardless of MERS' conduct as the beneficiary under the deed of trust, the Petersons' property would still have been foreclosed upon based on their failure to make payments on the loan"); *Myers v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 678148, *3 (W.D. Wash. 2012) (dismissing complaint where plaintiff "fails to allege that MERS took any action in regards to him"). Plaintiff's purported damages arising from her filing of this litigation also do not constitute an actionable injury under the CPA. *See, e.g., Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 64 Wn. App. 553, 564, 825 P.2d 714 (1992) ("having to prosecute" a CPA claim "is insufficient to show injury").

      Plaintiff's additional allegations fail to establish an unfair or deceptive act or practice. Plaintiff challenges the securitization of her mortgage loan, alleging that the endorsement of her Note and Assignment of the DOT occurred after the closing date specified in the Pooling and Services Agreement ("PSA") that controls the Trust. Compl., ¶ 3.9. However, the Note and the DOT, both of which were signed by Plaintiff, expressly authorize subsequent assignments without the borrowers' consent and without waiving her obligation to make payments. Plaintiff consequently cannot show that her obligation to make payments on her mortgage has been extinguished by transfer of one of these instruments, even if it did occur in violation of the PSA, as the PSA contract was entirely separate from that giving rise to Plaintiff's obligations. Further, Plaintiff lacks standing to bring claims based on the PSA, to which she was not a party. *See, e.g., Frazer v. Deutsche Bank Nat'l Trust Co.*, 2012 1821386, *2 (W.D. Wash. 2012) ("Plaintiffs are not parties to the pooling and servicing agreement and present no authority suggesting standing to challenge it."); *Burke & Thomas, Inc. v. Int'l*

ORDER GRANTING MOTION TO DISMISS - 7

1 *Org. of Masters, Mates & Pilots*, 92 Wash. 2d 762, 767 (1979) (third parties may not sue on a contract absent intent of the contracting parties to assume any obligation toward them). Plaintiff's related argument that these purportedly improper transfers split the Note from the DOT, rendering it unenforceable, similarly fails as a matter of law. Typically, such "show me the note" arguments are made in anticipation of or following a foreclosure sale. Here, Plaintiff has not shown that a foreclosure sale is pending or even contemplated, and regardless, courts have consistently rejected "show me the note" arguments. *See Freeston v. Bishop, White & Marshall*, 2010 WL 1186276 (W.D. Wash. 2010) (citing cases).

Finally, as to Plaintiff's unsupported allegations of "robo-signing," the Court finds persuasive the reasoning of other courts that have faced this issue and determined that a plaintiff lacks standing to challenge an allegedly fraudulent assignment or appointment of a successive trustee, irrespective of robo-signing. *See, e.g., Brodie v. Northwest Trustee Services, Inc.*, 2012 WL 6192723, *2-3 (E.D. Wash. 2012) (citing cases). Further, such alleged misconduct has again caused no injury to Plaintiff or affected her loan repayment obligations. *Id.* at *3 (dismissing with prejudice claims based on robo-signing as "the alleged misconduct had no bearing whatsoever upon Plaintiff's obligation to make her mortgage payments").

Accordingly, Plaintiff's CPA claims fail as a matter of law. As the Court finds that its defects cannot be incurred through amendment, the Court dismisses Plaintiff's Second Cause of Action with prejudice.

**Negligence**

In support of Plaintiff's Third Cause of Action for negligence, Plaintiff alleges that Defendants breached their duties under Washington's Deed of Trust Act through the use of unfair and deceptive practices, including robo-signing of documents. Plaintiff's negligence claim is wholly derivate of her CPA and fraud claims and thus fails as a matter of law for the same reasons detailed above. Accordingly, Plaintiff's Third Cause of Action is also

ORDER GRANTING MOTION TO DISMISS - 8

dismissed with prejudice.

**Declaratory and Injunctive Relief**

Plaintiff's Fourth Cause of Action for Declaratory Judgment seeks the Court's declaration that any assignment by MERS of its beneficial interest is void under Washington law. Plaintiff's Fifth Cause of Action seeks to enjoin Defendants from making any further conveyances of Plaintiff's loan and from attempting any non-judicial foreclosure of the Property. Irrespective of their merits, both claims fail as a matter of law on jurisdictional grounds.

Article III of the United States Constitution restricts the jurisdiction of the federal courts to "cases or controversies." If a case is not ripe for adjudication, a federal court lacks jurisdiction to hear it under Article III and must dismiss the case without reaching its merits. *See Portland Police Ass'n v. City of Portland*, 658 F.2d 1272, 1274 (9th Cir. 1981); *Dianes v. Alcatel, S.A.*, 105 F.Supp.2d 1153, 1155 (E.D. Wash. 2000). "Unless an actual controversy exists, the District Court is without power to grant declaratory relief." *Garcia v. Brownell*, 326 F.2d 356, 357-57 (9th Cir. 1956). Plaintiff's threadbare conjectures that a foreclosure sale may occur in the future suggest only the possibility of contingent events and are accordingly insufficient to satisfy the ripeness doctrine. Here, there is no pending foreclosure sale or assignment, and hence no actual controversy giving rise to this Court's jurisdiction to hear Plaintiff's Fourth Cause of Action. Similarly, as no foreclosure sale has been initiated, Plaintiff's claim for injunctive relief is not ripe for adjudication and must also be dismissed on jurisdictional grounds.

**Conclusion**

For the reasons set forth herein, the Court hereby ORDERS that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. # 6) is GRANTED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). As the Court finds that its defects cannot be cured by amendment, Plaintiff's Complaint is dismissed in its entirety with prejudice and without leave to amend.

ORDER GRANTING MOTION TO DISMISS - 9

DATED this 5th day of September 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE